## WESTERN UNION TELEGRAPH COMPANY *v.* LONG.

### Opinion delivered April 19, 1909.

TELEGRAPH COMPANY—NEGLIGENCE—MENTAL ANGUISH.—A telegraph company is not liable for mental anguish suffered by a widow who sent a message asking her father if her husband's body could be buried at his former home, which message was negligently delayed in transmission, if there was no reason why she could not have buried his body there, and no reason to believe that her father would not consent thereto.

Appeal from Logan Circuit Court, Northen District; *Jeptha H. Evans,* Judge; reversed.

*Mechem & Mechem,* for appellant.

Appellee, *pro se.*

BATTLE, J. Mary Long and her father, C. L. Wright, brought this action against the Western Union Telegraph Company to recover damages for mental pain and anguish suffered by them, alleging in their complaint that on the 16th day of

February, 1908, Charley Long, husband of the plaintiff, Mary Long, died in Tulsa, Okla.; that before his death he requested that his remains be taken to Caulksville to be buried; that Caulksville is a village in Logan County, Arkansas, and is about three-fourths of a mile from Ratcliffe, the nearest telegraph station; that C. L. Wright lived in the vicinity of Caulksville and had lived there for a number of years; that on said 16th day of February, 1908, the plaintiff, Mary Long, delivered to the defendant's agent at Tulsa, Okla., the following message for transmission and paid the customary charges for the same; to-wit:

"Tulsa, Okla., Feb. 16, 1908.

"C. L. Wright,

        "Caulksville, Ark.

"Charley Long dead. Can he be buried there? He told me to ask you this. Answer quick.

                "Mary Long."

That the defendant carelessly and negligently sent said message to Paris, Ark., which was about nine miles from Caulksville, and that by reason of such negligence the plaintiff C. L. Wright failed to learn of the death of the said Charley Long in time to make arrangements for his burial, and Mary Long held the remains of her husband expecting a reply to her message until the condition of the remains became such that she was forced to bury them in Tulsa, Okla.; that, had said message been delivered promptly, the remains of Charley Long would have been taken to Caulksville for burial. That both of the plaintiffs suffered great mental pain and anguish by reason of the fact that the body of Charley Long was buried, contrary to his wish, in a foreign State and among strangers.

The defendant in its answer admits the sending the message, but denies that it was negligent or that the plaintiffs suffered any mental pain or anguish by reason of negligence on its part.

Mary Long testified that she was the widow of Charley Long; that the said Charley Long died in Tulsa, Oklahoma, on the 16th day of February, 1908, which was Sunday. That before the said Charley Long died he requested that his remains be taken to Caulksville, Arkansas, for burial. That after the

death of the said Charley Long she delivered to the Western Union Telegraph Company's agent for transmission the message set out in her complaint. That on the next day, Monday, February 17, she received the following message from her father:

"Ratcliffe, Ark., Feb. 16, 1908.

"Mary Long,

"Tulsa, Okla.

"No need to bring him here. Bury him there.

"C. L. Wright."

That, after receiving said message from her father, she waited for another message from him, and that she held the body until Friday, and, reeciving no other message, she buried the same in Tulsa. That her husband and she were both strangers in Tulsa. That she had sufficient funds to take the remains of her husband to Caulksville, but that she did not want to do so, without the consent of her father. That there was nothing to have prevented her from taking the remains to Caulksville for burial but the fact she "hated to do anything like that without letting him (her father) know it." On re-direct examination she testified that she did not have sufficient funds to take the remains to Caulksville at the time her husband died, but that it was raised by friends, and it took two or three days to get it up.

The jury returned a verdict in favor of Mary Long for $300; and the defendant appealed.

The burden was upon the plaintiff to show a cause of action. There was no evidence to show that she was prevented from burying her husband at Caulksville. She had the means to do so. But says that she did not wish to bury him there without the consent of her father. There was no evidence that she had any reason to believe that he would not consent. So there was no reasonable excuse for the failure to bury at Caulksville, and no cause of action against the Telegraph Company on account of mental anguish. Her own acts were the proximate cause of her mental anguish.

Reversed and remanded for a new trial.